**BAI JUN LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–1761–ag.**

United States Court of Appeals, Second Circuit.

June 12, 2007.

Bai Jun Lin, Peekskill, NY, pro se.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas; Fred T. Hinrichs, Assistant United States Attorney, Houston, TX, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Bai Jun Lin, a native and citizen of the People's Republic of China, seeks review of a March 14, 2006 order of the BIA affirming the October 20, 2004 decision of Immigration Judge ("IJ") Phil-

ip Morace denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bai Jun Lin,* No. A97 341 552 (B.I.A. Mar. 14, 2006), *aff'g* No. A97 341 552 (Immig. Ct. N.Y. City Oct. 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We find that the IJ's adverse credibility finding is supported by substantial evidence. The IJ accurately observed that Lin's testimony about her father's arrest, detention, and subsequent death as a result of his alleged practice of Falun Gong was unspecific and vague. Even after the IJ probed sufficiently, Lin was unable to provide more details of these events. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005) (holding that the record did not support the agency's adverse credibility finding in the absence of additional probing). Additionally, the IJ noted several related discrepancies between Lin's testimony at the hearing and the statements made in her application. Specifically, Lin's testimony varied regarding the length of her father's detention, the year of her father's death, and the time of her first encounter with the authorities regarding her Falun Gong

practice. These discrepancies concern matters that are central to Lin's claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Moreover, the IJ was not required to credit Lin's explanations for her inconsistent testimony, which included her assertion that she was simply nervous at the hearing. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (the agency need not credit an applicant's explanation for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). The IJ's adverse credibility finding was thus supported by substantial evidence. Because the only evidence of a future threat of persecution or torture depended upon her credibility, the IJ's adverse credibility determination necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).